# Winter *v.* Betz & Son, Ltd., Appellant.

*Principal and ‚ agent—Gratuitous agent—Sale of real estate— Judgment on mortgage—Failure to inform purchaser of judgment —Alleged neglect of duty—Judgment for defendant n. o. v.*

Plaintiff purchased a saloon property and business and as part consideration therefor assumed payment of indebtedness of the seller to the defendant which was secured by mortgages on the property. In order to safeguard its interests defendant assisted in arranging for the conveyance of the real estate and in procuring a transfer of the license. Three years thereafter the property was sold on a levari facias issued upon a judgment on the first mortgage which judgment defendant had secured prior to the purchase. Thereafter plaintiff brought an action of trespass against the defendant complaining that he had failed to inform him that the first mortgage had been reduced to judgment at the time of the purchase. There was no evidence that defendant undertook to examine the title to the premises for the plaintiff or to insure him against encumbrances. At the time of the settlement plaintiff's attorney was present and had in his possession a report showing that the first mortgage had been reduced to judgment. The lien on the first mortgage was no greater in amount after judgment had been entered upon the scire facias than before, all costs and overdue interest having been paid upon the judgment. The jury found a verdict for the plaintiff upon which judgment was entered. *Held,* judgment should have been entered for the defendant non obstante veredicto.

Argued Jan. 23, 1918. Appeal, No. 238, Jan. T., 1917, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1915, No. 3775, on verdict for plaintiff in case of Rudolf Winter v. John F. Betz & Son, Limited, a Corporation. Before POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Reversed.

Trespass for failure to inform plaintiff that first mortgage on premises purchased from third party had been reduced to judgment.   Before BARRATT, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $2,600 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was in refusing defendant's motion for judgment n. o. v.

*Frank H. Warner,* for appellant.—A principal cannot demand or expect the exercise of special skill if he employs in an undertaking requiring it an agent who does not profess to possess it; and in such cases the agent will not be liable if he acts in good faith and with due care according to such skill as he does possess: Canfield v. Gilmore, 1 W. N. C. 32.

The liability of the plaintiff to pay the principal of the mortgage when due was in no manner changed by the entry of the judgment: Helmbold v. Mann, 4 Wharton 410; Franklin Fire Insurance Company v. Fischer, 4 W. N. C. 414.

*Owen J. Roberts,* with him *Howard E. Heckler,* for appellee.—It is the duty of an agent to give to his principal reasonable and timely notice of each fact relating to the subject-matter of the agency, coming to the knowledge of the agent while acting as such, and which may fairly be deemed material for the principal to know for the protection or preservation of his interests: Brown v. Arrott, 6 W. & S. 402; Reid v. Stanley, 6 W. & S. 369.

The fact that defendant performed the services as agent gratuitously does not affect his duty as agent: Bergner v. Bergner, 219 Pa. 113.

OPINION BY MR. JUSTICE POTTER, March 25, 1918:

In the month of June, 1912, the plaintiff, Rudolf Winter, purchased from C. J. Donnelly, Jr., a piece of real

estate situated at Eighteenth and Courtland streets, Philadelphia. He purchased also the saloon business conducted at that place by Mr. Donnelly, and secured a transfer of the license. As part of the consideration paid for the saloon, he assumed payment of an indebtedness of three thousand dollars due from Donnelly to John F. Betz & Son, Limited, the defendant. Actuated no doubt by a desire to safeguard its own interest in the matter, the defendant firm, in consequence of an inquiry from plaintiff, placed him in communication with Donnelly, and assisted in procuring a transfer of the license, and in arranging for the conveyance of the real estate. The plaintiff complains that the representative of the defendant firm, in explaining to him the terms upon which the purchase could be made, informed him that the premises were subject to two mortgages, one of $4,000, and another of $2,000, but did not tell him that proceedings had been instituted upon the first mortgage by which it had been reduced to judgment. It is upon what plaintiff regards as defendant's failure to discharge a duty it owed to him in this respect, that he bases his claim to recover damages in this case.

We can find in the record no evidence that defendant undertook to examine the title to the premises for the plaintiff, or to insure him against encumbrances other than those specifically mentioned. And, even if it had undertaken to do so, it is by no means clear that defendant would be entitled to any greater degree of accuracy than was admittedly expressed in the statement with respect to the encumbrances upon the property. The lien of a mortgage is not merged in that of a judgment upon a scire facias issued thereon: Helmbold v. Man., 4 Whar. 410. The lien of the first mortgage here in question was no greater and no less in amount after the judgment had been entered upon the scire facias than it was before. The actual amount of the indebtedness was truly reported to plaintiff by defendant. True it is that, after the judgment upon the scire facias, an

execution might promptly have been issued, but that was not done in this case, and upon that score plaintiff has no reason to complain.   The record shows that the real estate was conveyed to plaintiff by Donnelly, in a deed dated June 10, 1912, in which there was a recital that the conveyance was made subject to the payment of two mortgages, one for $4,000, and one for $2,000.   The first mortgage was due, according to its terms, in about six months from that date, or upon November 22, 1912. But, as stated above, presumably for failure to pay interest, a writ of scire facias had been issued and prosecuted to judgment.   It appeared, however, that when Winter took title to the real estate, all costs and overdue interest had been paid upon the judgment, leaving the even sum of $4,000 due thereon.   The final settlement of the transaction was made at the office of defendant's attorney at a meeting at which were present the vendor, the purchaser, the attorney for the building association which held the second mortgage, and attorney for the defendant.   The deed was prepared by the attorney for the building association, who also procured searches showing the encumbrances upon the title.   He had the report with him which showed that the first mortgage had been reduced to judgment.   In the course of the settlement, Mr. Winter paid this attorney for his services in preparing the deed, and for having it recorded, and for the cost of the searches.   There would seem to have been no reasonable excuse for failure upon the part of Winter to understand, at that time, that the searches showed the first mortgage had been reduced to judgment.   The attorney representing him in the settlement could readily have made the fact plain had Winter shown any lack of understanding.   The responsibility for that cannot be justly placed upon the defendant.   But, aside from any question as to the accuracy of the statements made to Winter with respect to the first mortgage, it is apparent that any loss which plaintiff may have suffered was due entirely to his own

neglect to pay the interest upon the indebtedness which he assumed. After meeting his obligation in this respect during a period of two years, he defaulted in payment of the interest in December, 1914, and the owner of the mortgage then called for the payment of the principal. Even then an extension of six months' time was given him, and it was not until the following June that the property was sold at sheriff's sale upon a writ of levari facias issued upon the judgment. We have then the fact that when plaintiff bought the property he assumed payment of a mortgage which he knew he might be required to pay in full, at any time after November 22, 1912; but instead of making prompt payment of the interest due in December, 1914, and gaining thereby a continued indefinite extension of time for the payment of the principal, he defaulted and brought upon himself the foreclosure.

It is idle to discuss the question, raised by counsel for appellee, as to whether or not the reducing of the mortgage to judgment rendered it more difficult to sell. Plaintiff did not own the mortgage, nor was it under his control. It was not at his disposal. His obligation required him to discharge the indebtedness which he had assumed. If he lacked the funds to do thi', the obvious proceeding was to obtain a new loan from some other source. It does not appear that he applie to defendant for any assistance in any such effort; and, if he had done so, defendant was under no obligation to grant it. In no aspect in which the plaintiff's case may properly be viewed are we able to discern any merit.

The first and second assignments of error are sustained, and the judgment is reversed and is here entered for the defendant.